**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER REVOKING PRETRIAL** |
| Plaintiff, | ) | **RELEASE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jalon Dewight Randle, | ) | Case No.  1:24-cr-00110 |
| | ) | |
| Defendant. | ) | |

_____

On July 21, 2026, defendant appeared before the court on a Petition for Revocation of Pretrial Release.   At the outset of the hearing, defendant advised that he was not contesting the allegations contained in the petition, but advised that as to violation two, he had been charged but not convicted.

The court finds there is a basis to revoke Defendant's pre-trial release based on his admissions and the factual statements alleged in the petition. As to the issue of detention, this is a situation where a presumption of detention applies based on conduct arising under the Controlled Substances Act that could yield a penalty of ten years or more. There is no evidence to rebut the presumption. Even if the presumption were rebutted, the court would turn its attention to the 3142(g) factors and the fact this is a presumption case. Given Defendant's recent failures to abide by court imposed conditions, his recent offense conduct, traveling without the permission of his supervising officer, and use of controlled substances, the court would reach the same conclusion that there is not evidence presently available to mitigate Defendant's risk of flight and danger to the community.

For the reasons articulated above and on the record, the court **REVOKES** defendant's pretrial release.  Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

Dated this 21st day of July, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court